# IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST Donald CLARK, Jr., Attorney at Law.

Supreme Court

*No. 88-1846-D. Filed April 11, 1990.*

(Also reported in 445 N.W.2d 143.)

For the Board of Attorneys Professional Responsibility there was a brief by *Thomas P. Maroney,* Wauwatosa.

For the respondent there was a brief by *Russell L. Stewart,* Milwaukee.

PER CURIAM. *Attorney disciplinary proceeding; attorney's license suspended.*

The Board of Attorneys Professional Responsibility (Board) appealed from the referee's recommendation that the license of Attorney Donald Clark, Jr. be suspended for six months as discipline for numerous acts of professional misconduct. The Board contended that the nature and extent of Attorney Clark's misconduct warrants the suspension of his license to practice law for at least one year. As neither the Board nor Attorney Clark appealed from the referee's findings of fact and conclusions of law, the only issue before us is the discipline to be imposed.

We determine that Attorney Clark's professional misconduct in 11 separate client matters over a five-year period, together with his failure to respond to initial inquiries from the Board during its investigation into those and other matters and his failure to attend an investigative meeting scheduled by the district professional responsibility committee, constitutes a pattern of misconduct sufficiently serious to warrant a two-year suspension of his license to practice law. That misconduct consisted of Attorney Clark's neglect of the legal matters he was retained to pursue on behalf of his clients, many of them incarcerated; it also included withdrawal from employment without promptly refunding fees paid in advance which he had not earned, failing to keep his clients informed of the status of their legal matters and failing to respond to their requests for information, failing to act with diligence and promptness in representing them and failing to cooperate with the disciplinary authorities in the investigations of grievances filed by his clients and failing to provide information and furnish documents in the course of those investigations.

Attorney Clark was admitted to practice law in Wisconsin in 1976 and practices in Milwaukee. This is the

first disciplinary action brought against him. In it, the referee, Attorney Charles Herro, made the following findings of fact and conclusions of law on the basis of testimony presented at a disciplinary hearing.

(1) After being appointed by the state public defender to represent a man on several criminal charges and following the client's conviction and sentence to 103 years' imprisonment, Attorney Clark was appointed by the state public defender in June, 1984 to represent the man in an appeal. Attorney Clark filed a motion for new trial and, alternatively, for sentence modification and when the motion was denied, he filed a notice of appeal in June, 1985.

In the appeal, the court of appeals extended the time for Attorney Clark to file his brief and, when the brief was not filed within that time, it granted him five days to file the brief or request an extension, failing which the appeal would be dismissed. Attorney Clark did not file a brief or request an extension and the appeal was dismissed in January, 1986.

After September, 1985, the client never heard from Attorney Clark, although he telephoned him numerous times and wrote him 10 letters. Attorney Clark did not respond to his client's inquiries, nor did he advise his client that the appeal had been dismissed. The state public defender wrote to Attorney Clark three times in the spring and summer of 1986 inquiring into the status of the case and ultimately appointed another attorney to represent the man.

(2) In late 1984, a man serving a 12-year sentence for armed robbery and false imprisonment retained Attorney Clark to bring a sentence modification motion. Attorney Clark met with the client and obtained the trial transcripts but never met with his client again. The sentence modification motion was denied when Attorney

Clark failed to appear for a hearing on the motion. Attorney Clark never told his client he had filed the motion or that it had been dismissed.

Attorney Clark then filed a second motion for sentence modification. After a hearing on it had been adjourned four times, the motion was denied for lack of prosecution. Thereafter, Attorney Clark made no attempt to reopen or refile the motion.

(3) In February, 1985, the mother of a man convicted of first-degree murder, retained Attorney Clark to take an appeal from the conviction. Attorney Clark requested a fee of $3,500 and when he was paid $2,800, he told the woman she could take her time paying the balance. Attorney Clark never met with the son and never filed the appeal. He also failed to return telephone calls from the mother.

During this time, Attorney Clark represented another member of the same family on a separate legal matter, for which he was separately paid. Attorney Clark claimed he applied the fees he received from the mother for her son's appeal to that other legal matter but he had never told the family he was using those fees for any matter other than the son's appeal.

In October, 1988, the mother asked for the return of the fees she had paid. Attorney Clark told her to come to his office at a specified time to get them but when she arrived, his office was locked. The fees were never returned.

(4) In May, 1985, a man who had been convicted of assault and battery and given 60 days to pay a fine, retained Attorney Clark and paid him $500 to represent him in that matter and in a civil action brought against him by the victim. Attorney Clark said he would attempt to have the assault and battery case reopened but did not

do so. As a result, the man was arrested for failure to pay the fine.

In the civil action, Attorney Clark filed an answer but failed to comply with the court's scheduling order and as a result was barred from calling any witnesses at trial. Prior to trial, Attorney Clark reached an agreement with the plaintiff's attorney to settle the case for $2,000 and advised his client to pay that amount but he failed to appear at a hearing and, as a consequence, judgment was entered against his client in the amount of $7,000. Attorney Clark did not respond to inquiries from his client regarding the status of that case and the man retained other counsel, who ultimately settled the matter.

(5)  In June, 1985, a man who had been sentenced to six years' imprisonment and ten years' probation and fined $1,500 following conviction of forgery and possession of stolen credit cards retained Attorney Clark to take an appeal or seek sentence modification, for which he paid him a retainer of $1,365 toward a total fee of between $2,500 and $3,500. In September, 1985, Attorney Clark received trial transcripts, reviewed them and told his client he had meritorious issues. He filed a sentence modification motion, which was denied, and then filed an appeal from both the conviction and the modification motion denial.

In March, 1986, Attorney Clark wrote to his client that he had filed an appeal, was reviewing information the client had sent and would meet with him the following month. Thereafter, however, the client did not hear from Attorney Clark, even though he wrote him four letters and made some 15 telephone calls to his office to learn the status of his case.

In the appeal, the court of appeals asked for briefs on the issue of jurisdiction concerning the denial of the

529

modification motion. Attorney Clark did not file a brief, being of the opinion that the court lacked jurisdiction. The court of appeals then dismissed the appeal from the motion denial; six weeks later it dismissed the remainder of the appeal for Attorney Clark's failure to file a brief. Attorney Clark never kept his client informed as to the status of the appeal, nor did he tell him that the appeal was dismissed.

(6) In the summer of 1985, a man retained Attorney Clark to file a motion for withdrawal of a guilty plea and a motion for sentence modification, for which he paid him $3,500. Those motions were denied and Attorney Clark filed an appeal. The court of appeals reversed the conviction but it was subsequently reinstated by the Supreme Court.

Thereafter, in January, 1987, Attorney Clark filed a motion for sentence modification. After hearing on that motion had been adjourned three times, it was dismissed for lack of prosecution. Attorney Clark did not attempt to reopen or refile the motion and did not advise his client that the motion had been dismissed.

(7) In August, 1985, Attorney Clark met with a man regarding several legal matters. The man gave him various documents to review but Attorney Clark later declined to handle those matters, as no fee agreement could be reached. The man subsequently requested the return of the documents he had given to Attorney Clark but received no response.

(8) At some time in 1985 a man retained Attorney Clark and paid him $3,500 to seek withdrawal of a guilty plea to first- and second-degree murder, for which he had been sentenced to life plus 20 years. The notice of appeal was filed and at some point in the briefing process Attorney Clark told his client that he would be filing a reply brief. However, Attorney Clark did not file a reply brief,

believing it was not warranted, but he did not advise his client of his decision.

After the court of appeals affirmed the conviction, the man himself filed a petition for review, whereupon the Supreme Court referred the matter to the state public defender to determine if counsel could be appointed to replace Attorney Clark. When the state public defender declined to appoint counsel for the reason that Attorney Clark had been privately retained, the Supreme Court clerk sent Attorney Clark a letter requesting documentation for the court to consider in connection with the petition for review. Although still attorney of record, Attorney Clark did not reply to that letter. The court then removed him as attorney in the matter.

When he retained Attorney Clark, this man had also discussed with him a change of custody of his two minor children. Attorney Clark said he would draft documents to resolve the matter but failed to do anything in regard to it.

(9) In October, 1986, a man retained Attorney Clark to obtain correction of his driving record, paying him $240 to do so. Attorney Clark appeared in court and tried to resolve that matter but he failed to respond to telephone calls from his client or to a letter from another attorney on his client's behalf inquiring into the matter.

(10) In April, 1987, a woman retained Attorney Clark to file a bankruptcy on her behalf, paying him a retainer of $490. Attorney Clark told her he would prepare the forms and file them within a week but failed to do so. He told her on several other occasions that he would file the forms soon but he never did. In July, 1987, the client asked him to return the money she had paid him; Attorney Clark did so but not until late November, 1987 and then only after the client had filed a grievance with the Board.

(11) In February, 1988, a woman retained Attorney Clark to represent her in a divorce, paying him a retainer of $311. When the client was ordered to pay temporary spousal maintenance, Attorney Clark agreed to seek a review of that order. He later determined there were no grounds for review and did not file a petition for review but he did not advise his client of that decision or respond to her numerous telephone calls seeking information concerning the status of the matter.

In the course of its investigation into each of the matters set forth above, the Board sent Attorney Clark a letter informing him of the client's grievance and requesting a response to it. Attorney Clark did not respond to that letter or to a second letter from the Board requesting a response. In regard to three of those matters, after meeting with Board staff, Attorney Clark was asked to provide additional information but did not respond.

In three other unrelated matters, in 1985, 1986 and 1988, the Board wrote to Attorney Clark informing him of grievances filed by his clients and asking for his response. Attorney Clark did not respond to those inquiries. In one of those matters, after the grievance had been referred to the district professional responsibility committee and after Attorney Clark had submitted a response, the committee asked him to produce additional information within 20 days. Attorney Clark did not respond to that request timely but eventually did so when reminded by the committee of his duty to cooperate in the investigation. In another matter, Attorney Clark failed to appear at a district committee investigative meeting and failed to respond to a letter from that committee requesting information concerning the grievance.

After many of the matters set forth above had been referred to the district professional responsibility committee for investigation, that committee scheduled an investigative meeting for November 30, 1987, and gave Attorney Clark notice of it. Attorney Clark left the state on vacation several days prior to the date of the meeting and returned to Milwaukee on the day of the meeting. On that day, Attorney Clark's counsel was in trial in another city but had made arrangements to return to attend the investigative meeting. However, Attorney Clark and his counsel each believed the other was unable to attend that meeting and, shortly before the meeting was to begin, Attorney Clark had a letter delivered to the committee requesting an adjournment because of his counsel's apparent inability to attend.

Notwithstanding Attorney Clark's and his counsel's failure to appear, the committee held its meeting, following which it asked Attorney Clark to submit additional information. Attorney Clark did not respond to that request and neither he nor his counsel contacted the committee to explain their failure to attend the meeting or to arrange for another time to appear.

On the basis of the foregoing, the referee concluded that Attorney Clark engaged in professional misconduct in the following respects. He neglected legal matters entrusted to him by clients, in violation of SCR 20.32(3);[1] he withdrew from professional employment without promptly refunding to his clients any part of a

---

[1]SCR 20.32 provides:

A lawyer may not:

. . ..

(3)   Neglect a legal matter entrusted to the lawyer.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.3.

fee paid in advance which he had not earned, in violation of SCR 20.16(1)(c);[2] he failed to keep his clients reasonably informed of the status of their legal matters and failed to promptly comply with their reasonable requests for information, in violation of SCR 20:1.4;[3] he failed to act with reasonable diligence and promptness in representing his clients, in violation of SCR 20:1.3;[4] he failed to cooperate with the Board and the district committee in their investigation of grievances filed against him and failed to provide information and furnish documents in connection with those investigations, in violation of SCR 21.03(4)[5] and 22.07(2) and (3).[6]

[2]SCR 20.16(1)(c) provides:

A lawyer who withdraws from employment shall refund promptly any part of a fee paid in advance that has not been earned.

The corresponding provision of the current Rules of Professional Conduct for Attorneys is SCR 20:1.16(d).

[3]SCR 20:1.4 provides:

**Communication.** (a) A lawyer shall keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information:

(b) A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation.

[4]SCR 20:1.3 provides:

**Diligence.** A lawyer shall act with reasonable diligence and promptness in representing a client.

[5]SCR 21.03(4) provides:

Every attorney shall cooperate with the board and the administrator in the investigation, prosecution and disposition of grievances and complaints filed with or by the board or administrator.

[6]SCR 22.07 provides:

. . ..

(2) During the course of an investigation, the administrator or a committee may notify the respondent of the subject being investi-

As discipline for that misconduct, the referee recommended that Attorney Clark's license to practice law be suspended for six months and, further, that he be required to make restitution to those clients who suffered financial loss as a result of his misconduct. The referee also recommended that Attorney Clark be required to pay the costs of this proceeding.

Appealing from the recommendation for discipline, the Board took the position that Attorney Clark's professional misconduct warrants discipline more severe than a six-month license suspension. Specifically, the Board asserted that Attorney Clark's license should be suspended for a period of at least one year, based on the following: seven of the clients whose legal matters Attorney Clark neglected were incarcerated and had retained Attorney Clark to bring sentence modification motions and, if necessary, take an appeal and obtain sentence reduction or a new trial; five of those clients paid him substantial retainers for services he failed to perform; four other clients paid him retainers for work he failed to do and about which he failed to respond to his clients; he failed to respond to 28 separate letters from the Board

---

gated. The respondent shall fully and fairly disclose all facts and circumstances pertaining to the alleged misconduct or medical incapacity within 20 days of being served by ordinary mail a request for response to a grievance. The administrator in his or her discretion may allow additional time to respond. Failure to provide information or misrepresentation in a disclosure is misconduct. The administrator or committee may make a further investigation before making a recommendation to the board.

(3) The administrator or committee may compel the respondent to answer questions, furnish documents and present any information deemed relevant to the investigation. Failure of the respondent to answer questions, furnish documents or present relevant information is misconduct. The administrator or a committee may compel any other person to produce pertinent books, papers and documents under SCR 22.22.

notifying him of client grievances and requesting his response.

Contrary to the Board's position, Attorney Clark asserted that more severe discipline than that recommended by the referee is not called for because his misconduct did not involve dishonesty, misrepresentations, mishandling of client funds or moral turpitude; it was "nonfeasance" rather than "misfeasance." That distinction Attorney Clark attempts to draw overlooks the fact that in several instances he requested and received money in advance for work he failed to perform, in whole or in part, and then failed or refused to return it. Also, "nonfeasance" does not accurately characterize Attorney Clark's repeated and protracted attempts to evade the investigation into his misconduct.

We agree with the Board that discipline more severe than the recommended six-month license suspension is called for. The record before us establishes a pattern of serious professional misconduct. Over a period of several years, Attorney Clark neglected not only his clients' legal matters but also the clients themselves when they attempted to learn of the status of their matters. The neglect, itself, was serious: it concerned not merely delays in pursuing the clients' objectives but the complete failure to carry out work for which he had been retained, in many instances by clients deprived of their liberty who had paid him to pursue their legal remedies to obtain their freedom. Likewise egregious is Attorney Clark's disregard of his professional duty to cooperate with the disciplinary authorities in their investigations. The totality of his misconduct warrants the suspension of Attorney Clark's license to practice law for two years.

On the issue of restitution, the referee recommended that Attorney Clark be required to make restitution to those clients who suffered financial loss as a result of his

misconduct. However, the referee made no findings concerning amounts to which those clients are entitled. Accordingly, rather than specifically ordering restitution, we leave the matter of restitution to Attorney Clark, his clients, and the Board. Before his license to practice law will be reinstated, Attorney Clark must show the Board and, ultimately, the court that he has made restitution to all persons harmed by his misconduct. SCR 22.28(4)(l).

Finally, we reject Attorney Clark's objection to the Board's inclusion in the costs of this proceeding the sum of $1,700 as counsel fees in the appeal. Those costs were properly included.

IT IS ORDERED that the license of Donald Clark, Jr. to practice law in Wisconsin is suspended for a period of two years, commencing May 14, 1990.

IT IS FURTHER ORDERED that within 60 days of the date of this order Donald Clark, Jr. pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Donald Clark, Jr. to practice law in Wisconsin shall be suspended until further order of the court.

IT IS FURTHER ORDERED that Donald Clark, Jr. comply with the provisions of SCR 22.26 concerning the duties of a person whose license to practice law in Wisconsin has been suspended.